**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Cornell SMALL, Defendant–**
**Appellant.**

No. 00–50547, 00–50558.
D.C. Nos. CR–98–00215–GHK–01
and CR–99–00069–GHK–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 7, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM [*]

Stephen Small ("Small") appeals his sentence after pleading guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and one count of tax evasion in violation of 26 U.S.C. § 7201. The district court did not err in finding loss in excess of $800,000 and imposing the eleven-level upward adjustment. Small was not entitled to reduce the amount of loss based on canceled checks, refunds or merchandise provided to victims because the requested reductions were in furtherance of Small's scheme, enabling him to stave off detection. *See United States v. Ciccone,* 219 F.3d 1078, 1087 (9th Cir.2000).

When applying the vulnerable victim enhancement pursuant to § 3A1.1(b)(1), the district court was not required to make an explicit factual finding that one or more of the victims was unusually vulnerable by virtue of being elderly. *See United States v. Carter,* 219 F.3d 863, 866 (9th Cir.2000). The PSR provided the court with sufficient evidence that Small knew his telemarketing scheme targeted victims whose ages rendered them unusually vulnerable. The district court, therefore, did not plainly err in applying the vulnerable victim adjustment. *See United States v. Scrivener,* 189 F.3d 944, 950–51 (9th Cir.1999).

Small's conviction and sentence are **AFFIRMED.**

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.